Appeal No. 10-1725, 10-1726

## IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

GERALD A. FAST, TALISHA CHESHIRE, AND BRADY GEHRLING,
Plaintiffs - Appellees

v.

APPLEBEE'S INTERNATIONAL, INC.,
Defendant - Appellant

On Interlocutory Appeal From The United States District Court For The Western District of Missouri

District Court No. 06-4146-CV-C-NKL

## AMICUS CURIAE BRIEF OF THE NATIONAL RESTAURANT ASSOCIATION IN SUPPORT OF APPELLANT APPLEBEE'S INTERNATIONAL, INC.'S PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Peter G. Kilgore, General Counsel
National Restaurant Association
1200 17th Street, NW
Washington, DC 20036
202.331.5910

Francis X. Neuner, Jr.
Spencer Fane Britt & Browne, LLP
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105-3925
314.863.7733

Attorneys for Amicus Curiae, National Restaurant Association

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................1
TABLE OF AUTHORITIES..............................................................2
I.   IDENTITY AND INTEREST OF AMICUS CURIAE AND
     AUTHORITY TO FILE.............................................................3
II.  BASIS FOR PANEL REHEARING OR REHEARING
     EN BANC................................................................................5
III. ARGUMENT............................................................................6
IV.  CONCLUSION......................................................................11
CERTIFICATE OF COMPLIANCE...................................................12
CERTIFICATE OF SERVICE.............................................................14

# TABLE OF AUTHORITIES

## Cases

*Pellon v. Business Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, (S.D. Fla. 2007), *aff'd*, 291 Fed. Appx. 310 (11th Cir. 2008).............5, 8, 9

## Statutes

29 U.S.C. § 203..................................................................................6
29 U.S.C. § 206..................................................................................6

## Regulations

29 C.F.R. § 531.56..............................................................................7

## Other Authorities

National Restaurant Association *2010 Restaurant Industry Operations Report*..................................................................................................4
National Restaurant Association and Deloitte & Touche, LLP: *2010 Restaurant Industry Pocket Factbook*....................................................4
U.S. Bureau of Labor Statistics.............................................................3
U.S. Census Bureau....................................................................3, 4, 10
U.S. Department of Labor, *Field Operations Handbook*, available at http://www.dol.gov/whd/foh/index.htm...............................................7

# I. IDENTITY AND INTEREST OF AMICUS CURIAE AND AUTHORITY TO FILE

The National Restaurant Association ("NRA") is the largest trade association in the United States representing the restaurant industry. NRA has over 37,000 member companies which represent some 380,000 locations. Certain facts about the restaurant industry, as mentioned by *Amicus Curiae* in its Brief filed before the 3-judge Panel (the "Panel") last September, demonstrate the potential impact the District Court's decision, as affirmed by the Panel on April 21, 2011, will likely have on NRA members and the restaurant industry in general.

First, as the nation's second largest private sector employer, the restaurant industry provides jobs for over 12.7 million employees, with some 75% (9.6 million) employed in traditional Eating and Drinking places, defined to include restaurants and bars that are full-service public establishments. *U.S. Bureau of Labor Statistics* (2008) ("BLS Report"). Eating and Drinking places are almost entirely (99%) small businesses, as defined by the U.S. Small Business Administration. U.S. Census Bureau (2007). Second, 99% of such full-service establishments (Eating and Drinking places) have fewer than 100 employees, and most of these employ fewer than 50 employees. U.S. Census Bureau (2007); also see National

Restaurant Association *2010 Restaurant Industry Pocket Factbook*. Third, there are almost 2.4 million waiters and waitresses and another 500,000 bartenders, constituting almost 3 million tipped employees in the United States employed at Eating and Drinking places. BLS Report.

U.S. Census Bureau statistics also indicate that 51% of such restaurant establishments have <u>annual sales under $500,000</u>. U.S. Census Bureau (2007). Moreover, according to independent research studies published by the National Restaurant Association, restaurants' <u>profit</u> before taxes averages in a range between 2-4% of total sales each year. National Restaurant Association and Deloitte & Touche, LLP *2010 Restaurant Industry Operations Report*.

Clearly, the ruling below, as affirmed by the 3-judge Panel on April 21, 2011, restricting the statutory applicability of the tip credit, will have both widespread <u>operational</u> and <u>financial impact</u> on NRA members and the restaurant industry as a whole. The National Restaurant Association has a significant interest on behalf of its members and this industry in urging the Court to reconsider the Panel's ruling, and respectfully submits this Brief in conjunction with its Motion for Leave to file it, pursuant to Rule 29 of the Federal Rules of Appellate Procedure.

4

## II. BASIS FOR PANEL REHEARING OR REHEARING EN BANC

Pursuant to FRAP 35(b)(1)(B) and 40(a)(2), this proceeding involves a question of exceptional importance to the restaurant industry, and specifically employers who utilize tipped employees as part of their services to patrons, and the tipped employees they engage. Specifically, the Panel decision will substantially impact the restaurant industry by permitting the U.S. Department of Labor to impose <u>unworkable</u> and unprecedented <u>deviations to the manner restaurants now operate</u>. The likely result of the Panel's ruling will be to drastically increase costs on employers in this industry, and create operational requirements that are not feasible as a practical matter in this industry. In addition, the Panel decision conflicts with the decision of the Eleventh Circuit Court of Appeals in *Pellon v. Business Representation International, Inc.*, 291 Fed. Appx. 310 (11th Cir. 2008).

## III. ARGUMENT

The legal arguments were fully presented to the Panel and re-emphasized in the Petition for Rehearing of Appellant Applebee's International, Inc. NRA's focus in this brief will be limited to highlighting to the Court the substantial impact the Panel's decision will have on the restaurant industry.

The Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, requires that employees be paid at least the minimum wage, but allows for tipped employees to be paid a portion of the minimum wage through a credit for tips from customers rather than being paid entirely from cash wages received from the employer. 29 U.S.C. § 203(m). The Panel's decision, however, now requires restaurant employers to make full cash wage payments <u>without</u> utilizing the statutorily-permitted tip credit for any time spent by a tipped employee in job duties that supposedly, according to the internal belief of the U.S. Department of Labor, do not directly lead to producing tips from customers, if the time spent in such duties exceeds 20% of the tipped employee's total work time.

The Panel decision will effectively now require employers to <u>separately track all of the various duties</u> performed by tipped employees, <u>along with the time devoted to each duty,</u> <u>and</u> then <u>sort the duties</u> into

6

Appellate Case: 10-1725     Page: 7     Date Filed: 05/05/2011 Entry ID: 3785681

categories the U.S. Department of Labor describes as directly tip-producing duties or "related duties in a tipped occupation that are not themselves tip producing." This interpretive test invoked by the U.S. Department of Labor, as now affirmed by the 3-judge Panel, is simply <u>not a workable standard</u> in the restaurant industry.

First, no prevailing practice exists in this industry where either restaurant employers <u>or</u> tipped employees record their time separately as to what the Panel now permits as "duties directed toward producing tips" versus those that are only "tip-related." Restaurant servers and bartenders greet and take orders from customers, serve the ordered food and drinks, help clean spills, set up tables, arrange table dishes, make coffee, clean dishes, clean the floors, etc. While <u>all</u> of these duties are essentially recognized by the Department of Labor as being directed towards producing tips or as being tip-related, 29 C.F.R. § 531.56 (e); DOL's *Field Operations Handbook*, § 30d00 (e), the industry <u>does not</u> monitor time differentiated between time spent in work "directed towards producing tips" versus tip-related duties.

Second, even if such a monitoring process will now be imposed on the restaurant industry because of the Panel decision two weeks ago, it is clearly anyone's guess how this could be done from a practical standpoint. Would

7

restaurant employers need to hire someone to <u>monitor</u> each tipped employee's time during the day? Should employers require their tipped employees to keep a detailed log of their time during each workday in order to separate the so-called duties directed towards producing tips from duties that are "tip-related," and then determine if the so-called indirectly tip-related duties exceed 20% of the employee's total time? If the Panel's recent decision now is construed to require either such alternative, must the monitoring focus and record the hours, minutes or even seconds devoted to each task (insofar as the performance of some of these so-called "tip-related" duties often falls into such increments)?

Time spent in these loosely designated DOL categories (directly versus indirectly tip-related duties) will differ for <u>each tipped employee</u>, <u>vary from one day to another</u>, and <u>be erratic</u> and result in guess work as to the actual amount of time spent. Such an approach is <u>unworkable and untenable</u> in the restaurant industry, and will result in enormous economic costs for employers attempting to meet the Panel's sanctioned approach. Indeed, even the trial court below <u>acknowledged</u> that such requirements "would <u>not</u> be <u>practical</u> for an employer to keep track each time a server clears and wipes a table or pushes down a toaster or makes coffee."

8

As emphatically stated in *Pellon v. Business Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1313-1314 (S.D. Fla., 2007), *aff'd* 291 Fed. Appx. 310 (11th Cir. 2008):

> a determination whether 20% (or any amount) of a [tipped employee's]...time is spent on non-tipped duties <u>is infeasible</u>. In fact, several of the plaintiffs themselves have admitted that <u>dividing their workday among the various tasks</u> they perform <u>is impractical or impossible</u>. [Emphasis added.]

In affirming the District Court in *Pellon*, the Eleventh Circuit recognized that its rationale was "well-reasoned." *Pellon*, 291 Fed. Appx. 310.

Tips from customers vary and are based on numerous factors, some of which appear to fall in the Department of Labor's category "directed towards producing tip," while other duties are clearly "tip-related." For example, how warmly a server greets a customer, how rapidly a server takes an order or how quickly the server brings the food to the table, certainly directly impact a customer's decision on whether a tip will be left and the amount of the tip. The industry also recognizes numerous other factors that the U.S. Department of Labor categorizes as "tip-related" that impact a customer's determination on whether to leave a tip and the amount as well, e.g. dirty silverware or dishes, a clean or messy floor, whether drinks such as coffee are hot or cold, etc. However, the Department of Labor's "20%" rule

9

could <u>exclude</u> from tip credit time spent in such purportedly "tip-related" duties to the extent the time exceeds DOL's arbitrary 20% cap.

Just as important, the <u>economic impact</u> on the restaurant industry of the Panel's affirmance of the Department of Labor approach is potentially enormous. The restaurant industry consists of mostly small businesses. As stated previously, most employees (including tipped employees), i.e. some 75% are employed in "Eating and Drinking" establishments. Some 99% of such establishments have <u>fewer</u> than 100 employees, and over half of those produce annual sales with gross income <u>less than $500,000</u>. *U.S. Census Bureau Report* (2008). With average annual income profit in the restaurant industry being a minimal 2-4%, National Restaurant Association's *2010 Restaurant Industry Report*, restricting the tip credit for time spent in such <u>tip-related duties</u> will have a <u>devastating financial impact</u> on employers in this industry. Indeed, implementation of the arbitrary 20% rule will likely make a material difference on whether some restaurants will stay in business or close their doors.

The U.S. Department of Labor <u>never sought industry input</u> through any regulatory process as to what impact its arbitrary 20% rule could have on this industry. For DOL through an internal directive to impose such a standard, and for the Court below and the Panel decision two weeks ago to

Appellate Case: 10-1725    Page: 11    Date Filed: 05/05/2011 Entry ID: 3785681

now elevate this internal directive to a <u>legal obligation</u>, subverts congressional intent. Congress in Section 3 (t) of the FLSA <u>mandated</u> that the focus for taking a tip credit for a tipped employee is on the employee's <u>occupation</u> ("Tipped Employee" means any "employee engaged <u>in an occupation</u> in which he [or she] customarily and regularly receives more than $30 a month in tips."). If an employee is engaged in such <u>occupation</u>, which incontestably is the case here, Section 3 (m) of the FLSA provides that the employer has a <u>legal right to take a tip credit</u>. Congress did <u>not</u> restrict this statutory right if the time spent falls into either the so-called "directly" or "indirectly" tip-related duties or if the time exceeds the U.S. Department of Labor's arbitrary 20% cap.

## IV. **CONCLUSION**

The District Court's ruling as affirmed by the 3-judge Panel on April 21, 2011 lacks any basis in the statute, completely belies industry practice, and will have a potentially enormous practical and economic impact on the restaurant industry. *Amicus Curiae*, the National Restaurant Association, supports Appellant Applebee's International, Inc.'s Petition for Panel Rehearing or Rehearing <u>En Banc</u>.

11

## CERTIFICATE OF COMPLIANCE

This brief complies with the Fed. R. App. Proc. 35 (b)(2) and 40 (b) in that it does not exceed 15 pages, excluding material not counted by the rules. This brief also complies with the typeface and type style of Fed. R. App. Proc. 32 (a)(5) and 32 (a)(6), and the U.S. Court of Appeals for the 8th Circuit's Rule 28 A(c), because it has been prepared in a proportionately spaced typeface using Times New Roman, 14-point font and the Microsoft Word 2003 word processing software.

/s/ Francis X. Neuner, Jr.
Francis X. Neuner, Jr.
Attorney for Amicus Curiae
National Restaurant Association

12

Dated this 5th day of May, 2011.

Respectfully submitted,

**NATIONAL RESTAURANT ASSOCIATION**

by: _____
Peter G. Kilgore
Senior Vice President, General Counsel & Corporate Secretary
National Restaurant Association
1200 17th Street, NW
Washington, DC 20036
(202) 331-5910
(202) 973-3952 (fax)
pkilgore@restaurant.org

/s/ Francis X. Neuner, Jr.
Francis X. Neuner, Jr.
Spencer Fane Britt & Browne, LLP
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105-3925
(314) 863-7733
(314) 862-4656 (fax)
fneuner@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of appeals for the Eighth Circuit by using the CM/ECF system. I further certify that the original was signed and retained by me in according with 8th Cir. R. 25A. A copy of the foregoing shall be served via the CM/ECF system on all participants in the case who are registered CM/ECF users, and by the undersigned via U.S. mail, on this date, on any of the following who are non-CM/ECF participants:

Daniel B. Boatright
S. Jane Bruer
Littler Mendelson, P.C.
2300 Main Street, Suite 900
Kansas City, MO 64108

Carter G. Phillips
Sidley Austin, LLP
1501 K Street, NW
Washington, DC 20005

Attorneys for Appellant-Petitioner

Matthew A. Clement
Timothy W. Van Ronzelen
Kari A. Schulte
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison
Jefferson City, MO 65101

Charles A. Gentry
Jason H. Ludwig
Carson & Coil
515 East High Street
P.O. Box 28
Jefferson City, MO 65102

Attorneys for Appellees

14

M. Patricia Smith
William C. Lesser
Paul L. Frieden
Maria Van Buren
United States Department of Labor
Office of the Solicitor, Room N2716
200 Constitution Ave., NW
Washington, DC 20210

Attorneys for *Amicus Curiae*
United States Department of Labor

Lisa S. Blatt
Robert A. Schwartz
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004

Attorneys for *Amicus Curiae*
National Council of Chain Restaurants

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue
Suite 1720
Chicago, IL 60603

Douglas M. Werman
Werman Law Office, P.C.
77 West Washington Street
Suite 1402
Chicago, IL 60602

Attorneys for *Amicus Curiae*
National Employment Lawyers Association

/s/ Francis X. Neuner, Jr.
Francis X. Neuner, Jr.
Attorney for *Amicus Curiae*
National Restaurant Association